JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Iris Chambers and Lamar DeShields

## DEFENDANTS
York County Prison

**(b)** County of Residence of First Listed Plaintiff: York County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law LLC, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S. Morton Ave Morton PA 19107; 610-690-0801
Mildenberg Law, 1735 Market Street Ste 3750; 215-545-4870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 1983
Brief description of cause:
Plaintiffs have been discriminated due to their race.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/17/2018
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Iris Chambers and Lamar DeShields | : | CIVIL ACTION |
| v. | : | |
| York County Prison | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 1217-18 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 745 Rachel Drive, York PA 117404

Address of Defendant: 3400 Concord Rd, York PA 17404

Place of Accident, Incident or Transaction: York County Prison

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/17/2018   _____ *Attorney-at-Law / Pro Se Plaintiff*   85570 *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Matthew B. Weisberg, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 12/17/2018   _____ *Attorney-at-Law / Pro Se Plaintiff*   85570 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

| **MILDENBERG LAW FIRM** | **SCHAFKOPF LAW, LLC** | **WEISBERG LAW** |
|---|---|---|
| Brian R. Mildenberg, Esq. | Gary Schafkopf, Esq. | Matthew B. Weisberg, Esq. |
| Attorney ID No. 84861 | Attorney ID No. 83362 | Attorney ID No. 85570 |
| 1735 Market St. Ste. 3750 | 11 Bala Ave. | 7 South Morton Ave. |
| Philadelphia, PA 19103 | Bala Cynwyd, PA 19004 | Morton, PA 19070 |
| 215-545-4870 | 610-664-5200 Ext 104 | (610) 690-0801 |
| Fax: 215-545-4871 | Fax: 888-283-1334 | Fax: 610-690-0880 |
| Attorney for Plaintiffs | Attorney for Plaintiffs | Attorney for Plaintiffs |

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

------------------------------------------------- X
:
:
IRIS CHAMBERS                              :   Civil Action No.:
745 Rachel Drive                            :
York, Pennsylvania 17404               :   **COMPLAINT**
:
and                                               :
:
LAMAR DeSHIELDS                      :
745 Rachel Drive                            :
York, Pennsylvania 17404               :   **Jury Trial Demanded**
:
         Plaintiffs                             :
:
             v.                                    :
:
YORK COUNTY PRISON               :
3400 Concord Road                       :
York, Pennsylvania 17402              :
:
         Defendant                         :
:
:
------------------------------------------------- X

## NATURE OF ACTION

1. Iris Chambers and Lamar DeShields (Plaintiffs) bring this action against the Defendant York County Prison (YCP), requesting judgment against YCP for YCP's ongoing violations of their civil rights. YCP has intentionally discriminated against Plaintiffs based on their race (African-American) in the terms and conditions of their employment. YCP has fostered and perpetuated racial discrimination at the workplace which, in turn, has created a hostile work environment for Plaintiffs. Because Plaintiffs complain about racial discrimination, YCP has retaliated against them.

## JURISDICTION AND VENUE

2. This Court has jurisdiction because Plaintiffs present a federal question, pursuant to 28 U.S.C. §1331 and §1332.

3. This Court has supplemental jurisdiction over Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. § 951 *et seq.* pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Middle District of Pennsylvania, as the facts alleged in this matter occurred at the York County Prison, in this judicial district.

5. Plaintiffs have exhausted all administrative remedies. and have received a right to sue from the EEOC. This action is filed within 90 days of the issuance of EEOC's right to sue letters.

## PARTIES

6. Plaintiff Iris Chambers is an African-American female who resides in York, Pennsylvania.

7. Plaintiff Chambers was hired as a corrections officer by YCP in May 2008 and, at all times since, has been employed by YCP in that position.

8. Plaintiff Lamar DeShields is an African American male who resides in York, Pennsylvania.

9. Plaintiff DeShields was hired as a corrections officer by YCP in 2003 and, at all times since, has been employed by YCP in that position.

10. The York County Prison (YCP) is located in York, Pennsylvania and employs over 500 employees, of which only about 20 are African-American.

## FACTS

11. YCP has investigated Plaintiffs, without good cause. YCP has shamelessly fabricated or otherwise embellished allegations in an attempt to justify its investigations and disciplinary actions against Plaintiffs.

12. YCP selectively targets Plaintiffs for investigation and/or discipline for conduct that is deemed acceptable by non-African-American employees. Non-African-American employees are neither investigated nor subject to discipline when they engage in the same conduct for which Plaintiffs are investigated and/or disciplined.

13. YCP is dismissive when Plaintiffs complain that non-African-American managers and employees harass them with comments about eating watermelon and fried chicken or when they complained that a non-African-American employee touts a Confederate flag.

14. A YCP Captain repeatedly refers to Plaintiffs and other African-American employees as "Yous."

15. YCP repeatedly assigns Plaintiffs to work in the most dangerous areas of the prison.

16. YCP repeatedly passes over Plaintiffs for promotions in favor of less-qualified non-African-American employees. YCP knows that its upper management and employees harass,

disparage and denigrate Plaintiffs because of Plaintiffs' race, but YCP does nothing to remediate the ongoing harassment.

17. YCP ignores Plaintiffs' internal complaints and grievances regarding the racial harassment that is severe and/or pervasive at YCP and which Plaintiffs continually experience.

18. YCP's inaction regarding Plaintiffs' internal complaints and grievances essentially condones non-African American employees' targeting and harassing Plaintiffs due to Plaintiffs' race.

## PLAINTIFF CHAMBERS

19. Plaintiffs incorporate each of the foregoing paragraphs, as if fully stated herein.

20. Despite her unblemished record and fine job performance, Plaintiff Chambers has been repeatedly passed over for promotions, in favor of less qualified employees who are not African-American.

21. On at least one occasion, YCP rescinded a favorable assignment that it had previously granted Plaintiff Chambers and transferred her back to an unfavorable assignment.

22. YCP's transfer of Plaintiff Chambers from a favorable to an unfavorable assignment was due to her race.

23. On more than one occasion, Officer Siegman locked Plaintiff Chambers between two prison doors, as she walked from one building to another.

24. Officer Siegman would purposely keep the prison doors locked, thereby preventing Plaintiff Chambers' access to the building.

25. Officer Siegman permitted non-African-American employees' ready access between buildings and did not lock doors to keep them out.

26. Plaintiff Chambers reported Officer Siegman's misconduct to the Warden, but no action was taken against Officer Siegman.

27. On another occasion, Officer Rivera disclosed Plaintiff Chambers' personal information to inmates, said misconduct violating YCP policies.

28. The release of Plaintiff Chambers' personal information jeopardized her physical safety.

29. Plaintiff Chambers reported the matter to the Warden, but the incident was not remediated and no action was taken against Officer Rivera, despite the fact that Officer Rivera violated YCP policies and placed Plaintiff Chambers at risk.

30. Plaintiff Chambers has repeatedly been the victim of racial comments about watermelon and fried chicken.

31. Non-African-American employees have taunted Plaintiff Chambers about her hair because it differs from that of non-African-Americans.

32. As a result of the racial discrimination that she experiences at YCP, Plaintiff Chamber receives medical treatment due to stress and anxiety.

33. Sergeant Diane Curry began making racially charged remarks only _after_ she was promoted to Sergeant. The timing of her racial comments reveals Sergeant Curry's confidence that racially charged comments are acceptable at YCP, and that her racist comments will not subject her to discipline.

34. Plaintiff Chambers has been repeatedly bullied by a certain Caucasian female co-worker. On one occasion, the co-worker's bullying escalated to the point that the co-worker called another female into the area as "back up." Even though it is against YCP policy, the Captain allowed the female to come to the prison block as "back up."

35. Plaintiff Chambers reported the bullying female to the Warden. He acted concerned that the Captain allowed another female to enter the prison block as "back up," but the matter was simply tolerated and no action was taken.

36. In or about May 2018, Plaintiff Chambers filed a complaint with the EEOC charging YCP with unlawful race discrimination.

37. Since Plaintiff Chambers' filing with the EEOC, YCP has engaged in retaliation against Plaintiff Chambers. YCP imposed a one-day suspension against Plaintiff Chambers in December 2018, said suspension being in retaliation for Plaintiff Chambers' EEOC complaint and other internal complaints of racial discrimination by YCP.

## PLAINTIFF DeSHIELDS

38. Plaintiffs incorporate each of the foregoing paragraphs, as if fully stated herein.

39. Plaintiff DeShields has a long and unblemished record as a YCP corrections officer. In spite of his fine record, YCP has repeatedly passed Plaintiff DeShields over for promotions, in favor of lesser qualified employees who are not African-American.

40. It is a customary hiring practice at YCP to hire employees' family members.

41. Like many other corrections officers at YCP, Plaintiff DeShields sought to get his son hired at YCP as a corrections officer.

42. It is typical and commonplace for YCP to hire the family members of Caucasian corrections officers.

43. YCP did not offer a position to Plaintiff DeShields' son, but hired approximately 33 new employees who were not African-American.

44. Because of Plaintiff DeShields' race, YCP purposely deviated from its customary hiring practice and refused to hire Plaintiff DeShields' son.

45. YCP's hiring practices unlawfully discriminate on the basis of race.

46. Plaintiff DeShields repeatedly experiences racial discrimination, which include comments about watermelons and fried chicken.

47. YCP has assigned Plaintiff DeShields to work in the rougher and more dangerous areas of the prison.

48. Plaintiff DeShields complained to the Warden about his co-worker's display of the Confederate flag on YCP property, but his complaint was never resolved.

49. In or about May 2018, Plaintiff DeShields filed a complaint with the EEOC charging YCP with unlawful race discrimination.

50. Since Plaintiff DeShields' filing with the EEOC, YCP has retaliated against Plaintiff DeShields.

## COUNT I - TITLE VII VIOLATION

51. Plaintiffs incorporate each of the foregoing paragraphs, as if fully stated herein.

52. YCP has engaged in a pattern of unlawful racial discrimination against Plaintiffs in the terms and conditions of their employment, i.e., by failing to promote Plaintiffs, by assigning them unfavorable and unsafe prison areas in which to work, and by failing to remediate their legitimate complaints of racial discrimination and harassment in the workplace.

53. YCP has retaliated against Plaintiffs because Plaintiffs complain about racial discrimination and harassment.

54. YCP treats Plaintiffs differently and unfavorably as compared to its non-African American employees, in violation of Title VII. See 42 U.S.C. §2000(e) *et seq.*

55. YCP's persistent unlawful discrimination against Plaintiffs due to their race creates a hostile work environment for Plaintiffs, in violation of Title VII. See 42 U.S.C. §2000(e) *et seq.*

56. Said hostile work environment is severe and pervasive and alters the terms and conditions of Plaintiffs' employment, in violation of Title VII. See 42 U.S.C. §2000(e) *et seq.*

57. YCP's violations are done with malice and/or reckless indifference and warrant the imposition of punitive damages.

58. As a direct and proximate result of YCP's Title VII violations, Plaintiffs have suffered damages and losses and have incurred attorney's fees and costs.

59. As a direct and proximate result of YCP's Title VII violations, Plaintiff Chambers has suffered physically, emotionally and mentally for which she receives medical treatment.

60. Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of YCP's discriminatory acts unless and until this Court grants the relief requested herein

## COUNT II - 1983 VIOLATION

61. Plaintiffs incorporate each of the foregoing paragraphs, as if fully stated herein.

62. YCP is a governmental entity and its actions were taken under color of State law.

63. YCP's unlawful race discrimination against Plaintiffs deprived Plaintiffs of equal protection under the law, as guaranteed by the 14th Amendment of the United States Constitution, and is actionable pursuant to 42 U.S.C. §1983.

64. YCP's wrongful acts and violations were willful and done with deliberate indifference to the statutory and constitutional rights of Plaintiffs.

65. As a direct and proximate result of YCP's wrongful acts and violations, Plaintiffs have suffered humiliation, embarrassment, emotional distress, and have sustained damages for which the recovery of compensatory damages may be awarded pursuant to 42 U.S.C. §1983.

66. As a direct and proximate result of YCP's violation of 42 U.S.C. §1983, Plaintiffs have suffered the damages and losses set forth herein and have incurred attorney's fees and costs.

67. YCP's wrongful acts and violations were done intentionally and/or knowingly with malice or reckless indifference and warrant the imposition of punitive damages.

## COUNT III - CIVIL RIGHTS CONSPIRACY

68. Plaintiffs incorporate each of the foregoing paragraphs, as if fully stated herein.

69. YCP, along with its Captain and/or its Warden and/or its Sergeant participated in the unlawful discrimination of Plaintiffs.

70. YCP, its Captain and/or its Warden and/or its Sergeant acted in concert to unlawfully deprive Plaintiffs of equal protection of the law, in violation of the 14th Amendment of the United States Constitution, and Title VII.

71. The concerted actions of YCP, its Captain and/or its Warden and/or its Sergeant constituted a civil conspiracy to deprive Plaintiffs of their lawful rights, in violation of 42 U.S.C. §1983.

72. The concerted actions of YCP, its Captain and/or its Warden and/or its Sergeant constituted a civil conspiracy to deprive Plaintiffs of their lawful rights, in violation of 42 U.S.C. §1985.

73. YCP has caused the Plaintiffs to to suffer humiliation and embarrassment, emotional distress, and economic loss for which recovery of compensatory damages may be awarded pursuant to 42 U.S.C. §1985.

74. As a direct and proximate result of YCP's wrongful acts and violations, Plaintiffs have suffered damages and losses and have incurred attorneys' fees and costs for which they may be compensated pursuant to 42 U.S.C. §1983 and §1985.

## COUNT IV - PHRA VIOLATION

75. Plaintiffs incorporate each of the foregoing paragraphs, as if fully stated herein.

76. YCP's differential treatment of Plaintiffs in the terms and conditions of their employment violated the PHRA, 43 Pa. Stat. §951 *et seq.*

77. YCP created a hostile work environment that targeted African-American employees, including Plaintiffs, in violation of the PHRA, 43 Pa. Stat. §951 *et seq.*

78. YCP's unlawful discrimination against Plaintiffs was intentional and willful.

79. As a direct and proximate result of YCP's unlawful acts and violations, Plaintiffs have suffered damages and losses and have incurred attorneys' fees and costs.

80. As a result of the YCP's unlawful acts and violations, Plaintiffs have suffered discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against YCP together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 43 Pa. Stat. §951 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment in favor of Plaintiffs and grant them the following relief:

a. declaring the acts and practices complained of herein to be in violation of Title VII;

b. declaring the acts and practices complained of herein to be in violation of 42 U.S.C. §1983 and §1985;

c. declaring the acts and practices complained of herein to be in violation of the PHRA, 43 Pa. Stat. §951 *et seq.*

d. enjoining and permanently restraining YCP from present and future unlawful race discrimination, as alleged herein.

e. entering judgment against YCP and in favor of Plaintiffs in an amount to be determined;

f. awarding compensatory damages to make Plaintiffs whole for earnings lost through YCP's unlawful failure to promote Plaintiffs, including associated benefits;

g. awarding compensatory damages to Plaintiffs for pain and suffering, emotional upset, mental anguish and humiliation, which Plaintiffs have suffered and continue to suffer because of YCP's unlawful race discrimination;

h. awarding Plaintiff Chambers compensatory damages for the physical, emotional and mental injuries she suffers as a result of YCP's racial discrimination.

i. awarding Plaintiffs such other damages as are appropriate under Title VII, 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. §1983 and §1985, and 43 Pa. Stat. §951 *et seq.*

j. awarding Plaintiffs the costs of suit, attorney's fees, expert fees and any other fees that Plaintiffs incurred related to this lawsuit; and

k. granting such other and further relief as this Court may deem just, proper, or equitable.

Respectfully submitted,

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

DATED: 12-17-18

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

DATED: 12-17-18

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiff**

DATED: 12-17-18